UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY WADE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD HOLEVINSKI, CHRIS LEYENDECKER, JAMES HARTFORD, DENNIS JOHNSTON, PEGGY BURT, KATHRYN BAIL, AND JOHN DOE,<br><br>    Defendants. | NO. CV-04-123-RHW<br><br>**ORDER DISMISSING CASE** |

Seven motions are currently pending before the Court in the above-captioned matter. However, before the Court considers these motions, it must comply with the Ninth Circuit's remand, which instructed the Court to consider a few threshold issues before delving into the merits of Plaintiff's claims. The Court directed the parties to address these issues by Order issued on May 25, 2006 (Ct. Rec. 69). The parties did so, and a hearing was held on the remand issues on July 24, 2006. Plaintiff appeared *pro se*; Amanda Migchelbrink appeared on behalf of Defendants.

## PROCEDURAL BACKGROUND

Plaintiff Gary Wade Williams is a prisoner currently housed at Airway Heights Correctional Center (AHCC). He is serving sentences for convictions of Robbery in the First Degree, Rape in the First Degree, and Murder in the First Degree out of Alabama. Plaintiff was first placed in custody in Alabama in 1982. He was transferred to Washington in 1988 under a contract with Alabama, but

ORDER DISMISSING CASE * 1

Plaintiff remains an Alabama state inmate. His release date is December 24, 2165. Plaintiff was housed at the Washington State Penitentiary soon after his arrival in 1988 until May 7, 2003, when he was transferred to Clallam Bay Correctional Center. In December 2004, Plaintiff was transferred to AHCC.

Plaintiff's complaint alleges eight causes of action under 42 U.S.C. § 1983. The causes of action allege Defendants violated his constitutional rights in various ways, including through physical and sexual abuse, retaliation, filing and failing to expunge false and misleading reports in his parole and prison files, mis-classifying him in a higher custody category because of these reports, and chilling his pursuit of further grievances. Plaintiff claims the filing of false reports in his prison file led to the revocation of his parole. In his First Amended Complaint, Plaintiff requests monetary compensation for the costs incurred through the maintenance of this matter, injunctive relief, punitive damages, and any other relief the Court deems proper.

The Court dismissed Plaintiff's First Amended Complaint before service pursuant to 28 U.S.C. § 1915, by Order issued on August 18, 2004. (Ct. Rec. 20). The Court found that Plaintiff's allegations preceding April 16, 2003, were time-barred and dismissed these claims with prejudice. Additionally, the Court held Plaintiff's claims challenging the revocation of his parole were only properly brought as habeas corpus claims under 28 U.S.C. § 2254 and dismissed these without prejudice. The Court also found independent grounds to dismiss Plaintiff's other claims: Plaintiff's claim that Defendants chilled him from pursuing grievances was dismissed because it did not rise to the level of a federal cause of action, and Plaintiff's claim regarding his classification into a higher custody category was dismissed because prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Furthermore, Plaintiff presented no facts from which the Court could infer his transfer was in retaliation for his participation in the grievance process.

ORDER DISMISSING CASE * 2

Plaintiff appealed the Court's Order to the Ninth Circuit. The Circuit vacated and remanded to this Court for a limited purpose. The Ninth Circuit explained that

> [b]ecause the district court dismissed the complaint sua sponte, pursuant to the PLRA's screening provision, Williams had no opportunity to argue that R.C.W. § 4.16.190 violated equal protection, or that the statute of limitations should have been equitably tolled. We remand for the district court to determine in the first instance whether equitable tolling applies under the circumstances presented in this case.
> We also remand so that the district court may reconsider in light of intervening caselaw [sic] its conclusion that Williams' claims that defendants interfered with parole proceedings, and failed to expunge allegedly false information from his prison file, necessarily imply the invalidity of his confinement, and therefore must be brought in a habeas petition.

(Ct. Rec. 30, at 2) (internal citations omitted).

Upon remand, the Court ordered Plaintiff's First Amended Petition served. Subsequently, Plaintiff filed several motions, the foremost being a motion for preliminary injunction. Defendant responded timely. However, the Court deemed it appropriate before considering the merits of this action to address the issues presented in the Ninth Circuit's remand.

## DISCUSSION

The Ninth Circuit's slip opinion directed the Court to conduct inquiries into three issues in particular: whether R.C.W. § 4.16.190 violates equal protection; whether the statute of limitations should be equitably tolled; and whether Plaintiff's claims must be brought under a habeas petition.

**A.   R.C.W. § 4.16.190 and Equal Protection**

Washington's three-year personal injury statute of limitations, R.C.W. § 4.16.080(2), applies in § 1983 actions. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); *Nieshe v. Concrete School Dist.*, 129 Wash. App. 632, 638-39 (2005). "As a general rule, state law tolling provisions also apply to § 1983 actions." *Doggett v. Perez*, 348 F. Supp. 2d 1169, 1173 (E.D. Wash. 2004) (citing *Harding v. Galceran*, 889 F.2d 906, 909 (9th Cir. 1989)). Section 4.16.190 of the Revised Code of Washington sets forth Washington's tolling policy due to disability and

ORDER DISMISSING CASE * 3

states in pertinent part: "if a person entitled to bring an action mentioned in this chapter . . . be at the time of the cause of action accrued . . . imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be a part of the time limited for the commencement of the action." R.C.W. § 4.16.190. Defendant argues this provision violates his equal protection rights because it improperly creates and treats differently two categories of prisoners, those incarcerated before and after sentencing.

Both Judge McDonald and Division II of the Washington Court of Appeals have rejected this argument. Both opinions present the identical persuasive analysis as to why R.C.W. § 4.16.190 does not violate Plaintiff's equal protection rights. In *Gausvik v. Abbey*, the State Court of Appeals determined that minimal scrutiny applied to the plaintiff's equal protection challenge of R.C.W. § 4.16.190 because the provision does "not involve a suspect or semi-suspect class and does not involve a fundamental right." 126 Wash. App. 868, 882 (2005), *rev. denied*, 155 Wash.2d 1006 (2005). The court then found a rational relationship existed between the legislative purpose of the tolling provision and the classification. *Id*. at 883. The court explained that a real basis exists for distinguishing between the classes of those imprisoned before and after sentencing in that those imprisoned before sentencing were disabled "because the focus of their attention is on trial preparation and sentencing unlike those already convicted and sentenced." *Id*. (citing *Gausvik v. Perez*, 239 F. Supp. 2d 1108, 1124 (E.D. Wash. 2002) (McDonald, J.)). Additionally, the court determined the classification bears a rational relationship to the statute's purpose: to prevent the litigation of stale claims. *Id*.

Judge McDonald came to the same conclusion using the same reasoning. *Gausvik v. Perez*, 239 F. Supp. 2d at 1124. Moreover, Judge McDonald addressed the case upon which Mr. Williams relies, *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994). In *Elliott*, the issue was whether a California disability statute

ORDER DISMISSING CASE * 4

tolled the statute of limitations when a plaintiff suing under § 1983 to recover for injuries suffered during arrest had been held in continuous custody from the time of that arrest through the period of his incarceration following conviction. The Ninth Circuit held the statute of limitations was tolled beginning with the claimant's arrest and continuing through his custody. *Id*. at 803.

*Elliot*, and the case to which it refers, *Bianchi v. Bellingham Police Department*, 909 F.2d 1316 (9th Cir. 1990), both deal with a tolling provision materially different from the current version of R.C.W. § 4.16.190. The California tolling provision and Washington's pre-1993 tolling provision both provide for tolling when a person is imprisoned on a criminal charge for a term less than life. *See Gausvik v. Perez*, 239 F. Supp. 2d at 1124. Washington's tolling provision was amended in 1993 and now distinguishes between pre-conviction and post-conviction incarceration. As Judge McDonald put it,

> While *Elliott* may lend some support to plaintiff's equal protection argument, the fact is that it, and *Bianchi*, dealt with disability statutes different from the version of RCW 4.16.190 which is currently effective in the State of Washington. The present version of RCW 4.16.190 states plain and simple that the disability applies only to those "imprisoned on a criminal charge prior to sentencing." The pre-1993 version of RCW 4.16.190 and the California disability statute at issue in *Elliott* provided for tolling while the individual was imprisoned on a criminal charge, or in execution of a sentence. Those statutes already provided for post-conviction tolling and therefore, the Ninth Circuit was not presented with a specific equal protection issue.

*Id*. at 1125.

The Court agrees with the reasoning used by Judge McDonald and the Court of Appeals and finds R.C.W. § 4.16.190 does not violate any equal protection principles. Furthermore, the Legislature's decision to change the tolling provision in 1993, after Plaintiff was already in Washington State custody, does not render its application to Plaintiff invalid. *See Torkelson v. Roerick*, 24 Wash. App. 877, 879-80 (1979) ("[A] new statutory limitation may operate on a claim that has accrued prior to the amendment of the statute of limitations by beginning to run as of the effective date of the amended statute. Such an interpretation is not held to

ORDER DISMISSING CASE * 5

be a retroactive application of a new statute since the critical date is the effective date of the amended statute, not the date on which the claim arose.") (internal citations omitted). Accordingly, the provision applies in this case, and all of Plaintiff's claims accruing before April 16, 2001, are dismissed with prejudice unless equitable tolling applies.[1]

**B.    Equitable Tolling**

The Circuit next asked the Court to determine whether equitable tolling applies under the circumstances presented in this case. As with the statute of limitations and the statutory tolling provisions, the Court is obliged to apply the forum state's law regarding equitable tolling for actions under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "Equitable tolling 'permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally lapsed.'" *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (quoting *State v. Duvall*, 86 Wash. App. 871, 874 (1997)). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay*, 135 Wash.2d at 206. Additionally, courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *Robinson*, 104 Wash. App. at 667 (internal quotation marks, citation omitted).

Here, Defendants assert Plaintiff has not acted with diligence and has not alleged any fraud or inequitable inducement in accessing legal materials or the law library. Plaintiff states Defendant Holevinski's threats of retaliation scared him

---

[1] The Court's first order dismissing Plaintiff's complaint (Ct. Rec. 20) stated his claims accruing before April 16, 2003, would be time barred. This holding was incorrect because Washington's statute of limitations for personal injuries is three years, not one year. The Court recognizes and corrects its earlier error.

ORDER DISMISSING CASE * 6

from seeking legal action. However, Plaintiff also admits he was no longer under Defendant Holevinski's direct supervision after 1997. Plaintiff states that after this change and even after he was transferred to a different facility Holevinski continued to harass him by recommending he be transferred back to Alabama and by procuring what Plaintiff alleges were "false and misleading documents to protest to both Washington and Alabama parole officials regarding [his] parole[.]"

A period of about seven years passed between the last incident of alleged abuse by Holevinsk and Plaintiff's filing of his claims. Although Plaintiff has certainly alleged bad faith on the part of at least one Defendant, he has not presented any evidence of his diligence once his claims accrued. The Court declines to apply equitable tolling in this case. Simply too much time passed, due mostly to Plaintiff's lack of diligence in pursuing remedies. Although this is not a "garden variety claim of excusable neglect," neither is this one of those few occasions in which the Court should permit the statute of limitations to be equitably tolled. Accordingly, the Court dismisses with prejudice Plaintiff's claims accruing before April 16, 2001.[2]

Defendant Holevinski's alleged abuse of Plaintiff occurred before that date, but Plaintiff's Alabama parole was revoked after April 16, 2001. Additionally, all of Plaintiff's claims regarding his grievances, his transfer to a higher custody prison, and Defendants' failure to expunge his files accrued after this date. However, the Court in its original order dismissing Plaintiff's First Amended Complaint (Ct. Rec. 20) dismissed Plaintiff's claims regarding his grievances and his transfer to higher custody for reasons discussed above. The Ninth Circuit's

---

[2] The Court uses federal law to determine when Plaintiff's § 1983 claims accrued. *Doggett*, 348 F. Supp. 2d at 1173. In this case, because Plaintiff's conviction or sentence has not been invalidated, his claims accrue "at the time of the event in issue," that is, "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id*. (citation omitted).

ORDER DISMISSING CASE * 7

remand did not disturb these holdings.  Consequently, the remainder of the discussion focuses on Plaintiff's claims surrounding his parole revocation and his claims regarding his files.

## C.   *Wilkinson v. Dotson*

Lastly, the Ninth Circuit asked the Court to consider whether Plaintiff's claims that Defendants "interfered with parole proceedings, and failed to expunge allegedly false information from his prison file, necessarily imply the invalidity of his confinement, and therefore must be brought in a habeas petition." (Ct. Rec. 30, at 2).  *See also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In *Wilkinson v. Dotson*, the Supreme Court clarified its earlier holdings regarding when prisoners may properly bring actions under § 1983 or habeas corpus.  The Court held

> that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. at 81-82 (emphasis in original).  Applying this law as stated, the Court found the claimants could bring their suits under § 1983 because success for both of them meant a new eligibility review or a new parole hearing, not immediate or speedier release into the community.  *Id*. at 82.  "Because neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" *Id*.  Accordingly, the *Wilkinson* claimants could proceed with their § 1983 claims.

Here, Plaintiff was granted parole on May 21, 2001, by the Alabama Parole Board.  Plaintiff alleges Defendant Leyendecker suspended Plaintiff's parole in Washington on August 22, 2001.  Sometime between September 20, 2001, and September 24, 2001, the date Plaintiff was scheduled to be released, the State of Washington officially revoked his parole.  On November 5, 2001, the State of Alabama likewise revoked Plaintiff's parole.  The success of Plaintiff's claims that Defendants interfered with these parole proceedings, causing the revocation of

ORDER DISMISSING CASE * 8

parole already granted, necessarily implies the invalidity of his continued confinement. In other words, if the Court finds Defendants did interfere in the parole proceedings and cause the revocation of Plaintiff's parole, then it necessarily follows that Plaintiff's continued confinement is wrongful. Accordingly, this claim cannot be brought under § 1983 according to the Supreme Court's holdings in *Wilkinson* and in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), and it is dismissed without prejudice.

The remaining question is whether Defendants' alleged failure to expunge the allegedly false and misleading information from Plaintiff's prison and parole records necessarily implies the invalidity of his continued confinement or its duration. The Ninth Circuit has considered almost identical claims in both *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), and an unpublished decision, *Johnson v. Terhune*, 152 Fed. Appx. 586 (9th Cir. 2005). The plaintiff in the *Butterfield* case also alleged defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole. 120 F.3d at 1024. The court concluded this claim was barred under § 1983: "Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. This holding was put into doubt by the Supreme Court's ruling in *Wilkinson*, however.

In *Johnson*, the court faced the same question after the Supreme Court's decision. 152 Fed. Appx. at 587 (plaintiff brought § 1983 action "alleging that his constitutional rights were violated when prison officials refused to correct false information in the report prepared in advance of his hearing before the Board of Prison Terms"). The *Johnson* panel found the plaintiff's challenge to the procedures used before the Board necessarily implicated the validity of his continued confinement, citing *Butterfield*. *Id*. The court rejected the plaintiff's

ORDER DISMISSING CASE * 9

"contention that the Supreme Court's decision in *Wilkinson v. Dotson* . . . alters this analysis." *Id.*; *see also Huftile v. L C Miccio-Fonseca*, 410 F.3d 1136, 1140-41 (9th Cir. 2005) (finding plaintiff's challenge to a civil commitment proceeding based on false information could not be brought under § 1983).

Here, Plaintiff is arguing the placement of false information in his files caused the revocation of his parole. If Plaintiff was successful in this claim, the Court would necessarily find the revocation of his parole was wrongful, and thus his continued confinement was wrongful. Therefore, under *Wilkinson*, Plaintiff cannot bring this claim under § 1983.

Plaintiff also asserts Defendants' failure to expunge the false information from his files in 2004 caused that information to be "used to a constitutionally significant degree." It appears these claims relate to his allegedly wrongful security classification. The Court determined in its previous order that a claim regarding security classification does not rise to a constitutional violation. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding Washington State law does not create such a liberty interest). To the extent Plaintiff's claims regarding Defendants' failure to expunge the contested information from his prison file relates to the prison grievance process, this issue was also decided in the Court's previous order. (Ct. Rec. 20, at 3-4).

Accordingly, **IT IS HEREBY ORDERED:**

1. The First Amended Complaint is **DISMISSED in part with prejudice and in part without prejudice**. Plaintiff's claims accruing before April 16, 2001, are **dismissed with prejudice**. Plaintiff's § 1983 claims relating to the revocation of his parole and the allegedly false information in his prison file are **dismissed without prejudice**.

2. All pending motions are **denied as moot**.

ORDER DISMISSING CASE \* 10

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel for Defendants and to **close the file**.

**DATED** this 31st day of July, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Williams 1983\remandissues2.ord.wpd

ORDER DISMISSING CASE * 11